UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

JESSICA GRAULAU,
    Plaintiff,

vs.

CREDIT ONE BANK, N.A., a
foreign corporation,
    Defendant.
_____/

Case No. 6:19-cv-1723-ORL-78GJK

Nature of Suit:
Civil action pursuant 47 U.S.C. § 227 et seq.

## COMPLAINT AND DEMAND FOR TRIAL DE NOVO

HEREBY Plaintiff file this action as *De Novo* to sues Defendant for violations of provisions under Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq. and Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.72 et seq. Plaintiff sustains this claim as follow:

### Parties

1. At all times material to this action Plaintiff, Jessica Graulau (hereinafter the "Plaintiff"), is an unrepresented natural citizen of United States with legal age and right to institute this claim.

2. At all times material to this action Defendant, Credit One Bank National Association (hereinafter the "Defendant"), is a foreign corporation who operates as a United States based bank organized under the National Bank Act subject to the charters under the Competitive Equality Banking Act ("CEBA") engaged exclusively in revolving credit cards with principal place of business located at:

585 Pilot Road, Las Vegas Nevada 89119 and no corporate appointed agent in the State of Florida.

3. At all times material to this action Defendant does continuous substantial business transactions in Orange County using a multi telephone-line which includes, but are not limited to, the followings numbers: (813) 255-2835, (813) 440-2834, (813) 255-2848, (813) 321-0806, (813) 321-0150, (201) 373-8358, (210) 739-6460, (404) 239-2811, (415) 275-3800, (480) 739-0926, (602) 282-1665, (606) 282-1668, (877) 694-7382, (877) 825-3242, (800) 752-5493, (888) 729-6274, (800) 797-4299, (866) 803-1745, (702) 405-2042, (310) 359-6411, (310) 359-6414, (310) 504-3253, (253) 244-6151, (520) 320-8405, (361) 271-1850, etc.

## Demand for Jury Trial

4. Plaintiff preserves her right to trial by jury on all counts asserted under the cause of action as provide by Fed. R. Civ. P. 39(a).

## Venue

5. Middle District of Florida Orlando Division is the appropriate venue because Orange County is where Plaintiff live, Defendant does continuous substantial business, the transaction was originated and the claim for relief arose in accordance with 28 U.S.C. § 1391(c); 47 U.S.C. § 227(b); Fla. Stat. § 559.77(1).

## Subject Matter Jurisdiction

6. District Court has personal original jurisdiction over Plaintiff because she is a citizen with domicile in Orange County in accordance with 28 U.S.C. § 1391(c).

7. District Court has personal original jurisdiction over Defendant because Orange County is where they engage continuous substantial business and the claim for

relief arose in accordance with Fla. Stat. § 48.193(1)(a) and Middle District Local Rule 1.02(c).

8. District Court already has original jurisdiction over the subject matter since this claim is reviewed as *De Novo* and has federal question jurisdiction over the subject matter because this action is based in part of the Act of Congress TCPA, redress the deprivation of the constitutional right of privacy secured by the TCPA and claim damages under its provisions in accordance with 28 U.S.C. § 1331, § 1343(a) and relevant case law. See *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (citation omitted).

9. District Court has supplemental jurisdiction over related cases in accordance with 28 U.S.C. § 1367(a).

## Related Cases

10. The cases related to this claim are: Civil Action filed by Plaintiff against Defendant at Middle District of Florida in Orlando Division case no. 6:18-cv-106-Orl-22DCI; class action filed against Defendant at Northern District Court of Illinois Eastern Division case no. 1:14-cv-10106 with its correspondent appeal at the Seventh Circuit Court case no. 17-1486.

## Statutes of Limitations

11. This action has been filed within the four years statute of time limitation for claim under TCPA in pursuant 28 U.S.C § 1658(a).

12. Time statute of limitation is two years for the claim under FCCPA in pursuant Fla. Stat. § 559.77(4).

13. This claim is timely filed because its warranted the remedy under the doctrine of equitable tolling and statutory tolling set forth in Fla. Sta. § 95.051 that provides to toll the statutes of time limitation under TCPA and FCCPA from December 17th of 2014 through May 10th of 2018 which is the timeline while related cases were pending and Plaintiff made payments for the account subject to this claim in pursuant 28 U.S.C. § 1367(d); Fla. Sta. § 95.051(1)(f); and relevant case law. See *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215 (M.D. Fla. 2011) (citing *Machules v. Dep't of Admin.*, 523 So.2d 1132, 1133-34 (Fla. 1988)) "In Florida, equitable tolling may be available when there is no misconduct on behalf of the defendants and may delay the running of the limitations period based on the plaintiff's blameless ignorance and the lack of prejudice to the defendant…It may also be used when a plaintiff has been misled or lulled into inaction and has in some extraordinary way been prevented from asserting his rights…the Florida Supreme Court would consider equitable tolling available where the circumstances of a civil action so warranted." See also *Cadle Co. v. Paula McCartha*, 920 So. 2d 144 (Fla. 5th Dist. Ct. App. 2006) "Section 95.051(1)(f)…it provides that the running of time under any statute of limitation would be tolled by the payment of any part of the principal or interest of any obligation or liability founded on a written instrument."

14. This claim is exempt from arbitration because its redress the deprivation of the constitutional right of privacy under provisions of the Act of Congress TCPA, this action is based in part on 28 U.S.C. § 1343 and the amount sought for damages is

greater than $150,000 in pursuant 28 U.S.C. § 654(a) and Middle District Local Rule 8.02(a).

15. Any contractual right to arbitration is deemed waived by Defendant due to their lack of diligence implicit itself in the unexcused lengthy delay of purely Defendant's inaction which it's inconsistent with they claimed right to arbitrate in accordance with relevant case law. See *A.D. v. Credit One Bank, N.A.*, Case No. 14 C 10106 (N.D. Ill. 2016) (citing *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) and *Ernst & Young*, 304 F.3d at 756) "…lengthy delay itself can lead to an implicit waiver of arbitration…This is especially true where the delay was due purely to the defendant's lack of diligence."

## Factual Allegations

16. On or about May of 2013 Plaintiff signed a agreement with Defendant for a revolving credit card with account number ending in 3545 (hereinafter the "Account") for which the Plaintiff only provide as primary contact the cellular number (407) 810-6065 (hereinafter "6065").

17. The Account agreement stated that its arbitration provision shall be governed and enforceable by the State Law governing the agreement which in this case is Florida since it's where the agreement was originated and signed. Included arbitration provision for the Account agreement as **Exhibit No. 1**.

18. On or about May of 2013 Plaintiff sent via mail to Defendant a notice refusing arbitration for Account agreement.

19. On or about May of 2013 Plaintiff add an authorize user (hereinafter the "Authorize User") who was not in any way responsible for the Account.

20. Between May/07/2013 through January/31/2017 Defendant was the solely responsible for the Account control and management. Included Affidavit of Gary Harwood as **Exhibit No. 2**.

21. Between May/07/2013 through January/31/2017 Plaintiff was the solely responsible for any amount due for all the Account charges and payments including any charges made by the Authorize User.

22. Between March/01/2014 through June/30/2015 Defendant made a minimum of **2,446** calls to Plaintiff's cellular number 6065 using automatic telephone dialing system (hereinafter "ATDS") from more than two different telephone lines (hereinafter "Robocalls") and/or using other type of electronic communications to collect from the Plaintiff Account payment *that was less than 30 days past due*. Included copy of credit reporting agencies report showing Account payment history as **Exhibit No. 3**.

23. On or around June of 2014 in a telephone conversation Plaintiff requested the Defendant to immediately stop calling to her cellular number 6065 but their customer service representative responded that while the Account is past due the collection calls will not stop.

24. After this Defendant did not ceased calling Plaintiff's cellular number 6065 to collect Account payment.

25. On December 17th of 2014 a class action (hereinafter "Class Action") was filed against Defendant at Northern District Court of Illinois Eastern Division with case no. 1:14-cv-10106 for violations of provisions under the TCPA in which Plaintiff was a class member.

26. For such Class Action Defendant produced for attorney Mark Ankcorn a list of Robocalls made by Defendant using ATDS system which contain **2,446** Robocalls made by Defendant to Plaintiff's cellular number 6065.

27. Attorney Mark Ankcorn sent to Plaintiff a Class Action notice about the **2,446** Robocalls made by Defendant to the cellular number 6065. Included copy of this letter as **Exhibit No. 4.**

28. On June 18 of 2015 Plaintiff paid the full amount owned for the principal balance and the last Account payment was made on June 11th of 2016. Included Account statements showing payments as **Exhibit No. 5**.

29. Between July/01/2016 through January/31/2017, after Plaintiff previously requested to Defendant stop calling to her cellular number 6065, Defendant again made hundreds of calls from more than two different telephone lines to collect from the Plaintiff Account payment.

30. On or around October of 2016 in a telephone conversation Plaintiff again requested to Defendant immediately stop calling to her cellular number 6065 but once again their customer service representative responded that while the Account is past due the collection calls will not stop.

31. After this, at all times that the Account remained past due, Defendant never ceased calling to Plaintiff's cellular number 6065 to collect payment.

32. Every time that Plaintiff answered one of Defendant calls and informed that she would not be able to make the required payment Defendant continued calling many times during the same day.

33. Between July/01/2016 through January/31/2017 Defendant made hundreds of calls to Authorize User's cellular number (407) 810-6063 (hereinafter "6063") from more than two different telephone lines to collect from the Plaintiff Account payment.

34. On or around November of 2016 Authorize User answered one the Defendant incoming calls and requested them to immediately stop calling to his cellular number 6063. Thereafter, Defendant continued calling Authorize User's cellular number 6063 to collect from the Plaintiff Account payment. Included Authorize User Affidavit in support of this claim as **Exhibit No. 6**.

35. On February 19th of 2017 Defendant sent to Plaintiff a notice about the Account was sold to a collection agency. Included copy of this letter as **Exhibit No. 7**.

36. On March 13th of 2017 was filed at the Seventh Circuit Court an appeal for the denial of certification of related Class Action.

37. On November 22nd of 2017 Plaintiff sent to attorney Mark Ankcorn an output notice to be removed from related Class Action.

38. On March 22nd of 2018 the United States Court of Appeal for the Seventh Circuit made a final judgment reversing the lower tribunal denial of certification for the related Class Action. Included copy of the final judgment as **Exhibit No. 8**.

39. Hereby Plaintiff asserts that up to this date she has not obtained any recovery nor has received any relief, compensation or settlement from any party in connection with this claim, related Class Action or any related case.

40. Hereby it is asserted that the cellular company for which Plaintiff and Authorize User pay in advance for its subscription provides a Global System for Mobile

Communications (GSM) and have records of each incoming call (including any voice message) routed by its Network to cellular numbers 6065 and 6063.

41. Hereby it is asserted that Plaintiff and Authorize User have their correspondent Subscriber Identity Module (SIM Card) which contains an encrypted version of Network information of incoming calls (including any voice message) for the cellular numbers 6065 and 6063.

42. Hereby it is asserted that there it has been hundreds of similar civil actions filed against Defendant at federal court for violations of the TCPA provisions as it's found in the Pacer Monitor records. See for reference: https://www.pacermonitor.com/search.

### Factual Allegations of the Proceedings

43. On January 22nd of 2018 Plaintiff through previous legal representative filed a back related civil action against Defendant at Middle District of Florida Orlando Division with case number: 6:18-cv-106-Orl-22DCI based on the same allegations sustained in this action.

44. On April 9th of 2018 at Defendant request it was filed a joint stipulations for voluntary dismiss *without prejudice* and referral to arbitration.

45. Accordingly on April 10th of 2018 this Court issued an order to dismiss and referred the case to arbitration.

46. On May 31st of 2018 after the expiration of 50 days from the issuance of the dismissal order, Plaintiff's previous legal representative voluntary ended their contingent fee agreement advising her to file the arbitration demand by herself.

47. Until this date Plaintiff has not been able to file an arbitration demand due to lack of financial resources since the American Arbitration Association does not provide for indigents claimants the waiving of filing fees and related costs.

48. Until this date Defendant has not take any kind of action to compel with this Court referral to arbitration for the preceding related case.

## Causes of Action

Count I – Violations of provisions under the TCPA

49. Plaintiff sustain every allegations asserted above and incorporate paragraphs 16-48 as full part of this count set forth.

50. TCPA prohibit to make a call (other than for emergency purpose or without the prior express consent of the called party) using any ATDS or an artificial or prerecorded voice to a cellular telephone in accordance with 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendant as business is liable to Plaintiff as consumer for violations of provisions under the TCPA in accordance with 47 U.S.C. § 227(b)(3)(A).

52. Defendant violated TCPA provision by called without consent to Plaintiff's and Authorize User's cellular telephones using ATDS and artificial and/or prerecorded voice as it's defined by 47 US.C. § 227(a)(1).

53. The Federal Communication Commission ("FCC") has found that calls made without consent using ADTS constitute a greater nuisance and invasion of the constitutional right of privacy secured by provision under 47 U.S.C. § 227(c). See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

54. The Affidavit of Gary Harwood and Defendant notice about Account was sold to a collection agency prove that all calls were made while the Account was under the Defendant's solely responsibility, control and management. See for reference Exhibits No. 2 & 7.

55. Any authorize third party collector who acted in behalf the Defendant should be treated as if was the Defendant himself. See *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008).

56. The Robocalls list produced by Defendant for attorney Mark Ankcom in the related Class Action serve as evidence that calls were originated using an ATDS system. See for reference Exhibit No. 4.

57. The voice messages leaved by Defendant on Plaintiff's and Authorize User's cellular telephones that are saved in the correspondent SIM cards and in the cellular company records prove that Defendant used artificial and/or prerecorded voice.

58. When Plaintiff and Authorize User requested to Defendant stop calling to their cellular telephone indisputable revoked any prior consent that could be deemed derived from Account agreement and all calls originated thereafter by or in behalf Defendant unequivocally were made without express consent.

59. The extreme volume of calls made by Defendant to Plaintiff's cellular telephone in more than **2,446** times to collect Account payment that *were less than 30 days past due* constitute beyond reasonably expected an abusive continuing intentional conduct. See for reference Exhibit No. 3 & 4.

60. The extreme volume of calls made by Defendant to Plaintiff's and Authorize User's cellular telephones after any presumed prior consent was revoked constitutes concrete violations of statutory right under the TCPA and a violation of the constitutional right of privacy that sufficient confer a judicially standing for particularize cognizable Plaintiff's suffered injuries-in-fact resulting from Defendant's violations in accordance with relevant case law. See *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016) (citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20-25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998)) "…the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified."

61. Defendant directed their abusive conduct to invade and disturb Plaintiff's constitutional right of privacy secured under the 47 U.S.C. § 227(c) which constitute a harm that caused a concrete and particularize *de facto* injury to the Plaintiff. See *Mey v. Got Warranty, Inc.,* No. 5:15 C 101, 2016 WL 3645195, at *3 (N.D.W.V. June 30, 2016). See also *Caudill v. Wells Fargo Home Mort., Inc.,* No. 5:16-066-DCR, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) (citations omitted).

62. As a result of injuries caused by Defendant's violations of the TCPA Plaintiff suffered damages that includes, but are not limited to: invasion of privacy; intrusion of seclusion; unwanted annoyance and irritable nuisance of collection calls; mental and emotional distress, anxiety, worry, stress, etc.; harassment; abuse; unnecessary expense of precious time and mental energy; unnecessary

deprivation of cellular's battery, line, phone equipment, etc.; unauthorized trespass of phone property and cellular service subscription paid in advance; etc.

63. Until this date Defendant does not have any kind of corporate policies that provides for the Plaintiff to be added to a "Do Not Call List" and be able to opt-out from Defendant database to avoid future Robocalls.

64. For violations accrued before related Class Action, constructive knowledge arise *de facto* from the test that Plaintiff would have not suffered any injuries-in-fact if Defendant's corporate policies would had reasonable procedures to assured compliance with the TCPA as required under 47 U.S.C. § 227(c)(3).

65. Related Class Action without any doubt is *de facto* a precedent condition that proves the extreme volume of calls made by Defendant thereafter were inexcusably not incurred by error and were made with previous actual knowledge in willful non compliance which held Defendant liable.

66. The great amount of prior similar actions filed against Defendant for violations of the TCPA prove Defendant engaged an abusive continuous willfully conduct with previous knowledge of its unlawfully doing.

67. Plaintiff have the private right to file this action for recover treble statutory damages in the amount greater than $150,000 sustained as, but not limited to, $1,500 for each violation of TCPA provisions with knowledge in willful non compliance in accordance with 47 U.S.C. § 227(b)(3).

Count II – Harassment in violation of provision under the FCCPA.

68. Plaintiff sustain every allegations asserted above and incorporate paragraphs 16-48 as full part of this count set forth.

69. The Florida Consumer Collection Practice Act ("FCCPA") prohibits to any person to communicate with debtors or debtor's relative with such frequency as can reasonably be expected to harass the debtor and/or debtor's relative or willfully engage in any other conduct which can reasonably be expected to abuse or harass the debtor and/or debtor's relative in accordance with Fla. Stat. § 559.72(7).

70. Defendant as original debt collector is liable to Plaintiff as debtor for violations of provisions under the Fla. Sta. § 559.72 in pursuant Fla. Stat. § 559.77(2).

71. Defendant violated the Fla. Stat. § 559.72(7) by made hundreds of calls to Authorize User (who is a debtor's relative) for collect Account payment from the Plaintiff and by called Plaintiff more than **2,446** times to collect Account payments with such frequency which extreme volume of calls by itself are proof *de facto* that Defendant was engaged in a continuing abusive conduct to be beyond reasonably expected to harass the Plaintiff.

72. The calls list produced by Defendant for attorney Mark Ankcorn in related Class Action together with Plaintiff's and Authorize User's cellular company records serve as evidence to confirm the amount of calls which prove the Defendant's abusive conduct that harassed the Plaintiff. See for reference Exhibit No. 4.

73. The extreme volume of calls made by Defendant to Plaintiff's and Authorize User's cellular telephones constitutes a concrete particularize *de facto* injury caused by Defendant violations to statutory right under the FCCPA and a violation of the constitutional right of privacy that sufficient confer a judicially standing for a cognizable claim about Plaintiff's suffered injuries-in-fact in

accordance with relevant case law. See id. *Spokeo, Inc. v. Robins* (citation omitted).

74. As a result of injuries caused by Defendant's violations of the FCCPA Plaintiff suffered damages that includes, but are not limited to: invasion of privacy; intrusion of seclusion; unwanted annoyance and irritable nuisance of collection calls; mental and emotional distress, anxiety, worry, stress, etc.; harassment; abuse; unnecessary expense of precious time and mental energy; unnecessary deprivation of cellular's battery, line, phone equipment, etc.; unauthorized trespass of phone property and cellular service subscription paid in advance; etc.

75. Until this date Defendant does not have any kind of corporate policies that provides for the Plaintiff to be added to a "Do Not Call List" and be able to opt-out from Defendant database to avoid the harassment and receive future calls.

76. For violations accrued before related Class Action constructive knowledge arise *de facto* from the test that Plaintiff would have not suffered any injuries-in-fact if Defendant's corporate policies would had reasonable procedures to assured compliance with the FCCPA in accordance with Fla. Sta. § 559.77(3).

77. Related Class Action without any doubt is *de facto* a precedent condition that proves calls made by the Defendant thereafter in such frequency and extreme volume are inexcusably not incurred by error and were made with actual knowledge in willful non compliance which held Defendant liable in pursuant Fla. Stat. § 559.77(3).

78. Plaintiff have the private right to file this action for recover actual, statutory and punitive damages resulting from Defendant's violation of FCCPA in the amount

to be awarded by the Court and/or jury in the furtherance of justice and to prevent Defendant from continue with their unlawful practices that could harm another citizens leading to additional unnecessary court resources to enforce compliance with the FCCPA in accordance with Fla. Stat. § 559.77(2).

## Demand for Relief

79. For the above claims Plaintiff as general demand respectfully prays for judgment against Defendant for all damages sustained in each count together with any taxable legal costs and fees and such other relief that in the furtherance of justice this Court and/or the jury deem to award.

**I HEREBY DECLARE** without perjury that the foregoing document is true and correct on my best knowledge.

Submitted and signed this of ___Sept 5th of 2019___.

Certify by, _____
Jessica Graulau, Plaintiff
PO Box 721037
Orlando FL 32872
Tel. (407) 721-6303
E-mail: jessicagraulau@yahoo.com